THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JESSE LEE BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN MCTIGHE; CAPTAIN WISRSHING; ASSISTANT WARDEN NELSON; D.O.C. CONTRAT BED MONITOR ALSTEAD; CORECIVIC OF AMERICA,<br><br>Defendants. | CV 21-66-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jesse Lee Baker filed an amended complaint pursuant to 42 U.S.C. § 1983. (Doc. 5.) Mr. Baker alleges violations of his First Amendment Right to free exercise of religion and his Fourteenth Amendment right to equal protection based upon cancellations of religious ceremonies that occurred at Cross Road Correctional Center. *Id.* at 11-13.

On July 22, 2021, this Court entered an order temporarily staying this matter and providing Mr. Baker a 90-day timeframe within which to file a status report. See, (Doc. 7.) Mr. Baker indicated an intent to seek an investigation into the claims advanced in his complaint with the Montana Human Rights Commission.

1

See, (Doc. 6 at 1.) Mr. Baker's status report was to be filed on or before October 20, 2021. When no report was filed, Mr. Baker was ordered to show cause as to why this matter should not be dismissed for failure to prosecute. (Doc. 9.) Mr. Baker's response was to be filed by November 29, 2021. To date, no response has been filed.

### i. Failure to Prosecute

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts or other applicable law. See Rule 11, Section 2254 Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Baker has failed to file a status report as directed and failed to respond to the Court's order to show cause. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Baker refuses to comply with the Court's orders and deadlines. Mr. Baker's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447,

1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Baker was afforded an adequate amount of time in which to provide both his status report and his response to the Court's order but failed to respond to either court order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

### ii. Conclusion

Given Mr. Baker's failure to respond to this Court's orders, no further resources of the Court should be expended and the Complaint should be dismissed. Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Mr. Baker has failed to prosecute this matter and/or comply with the Court's orders.

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCESOF FAILURE TO OBJECT

Mr. Baker may file objections to these Findings and Recommendations within fourteen (14) days after service.1  28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

1 1 Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Baker is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of December, 2021.

<i>/s/ John Johnston</i><br>
John Johnston<br>
United States Magistrate Judge